**In re SIMS BROTHERS BUILDERS, INC., Debtor.**

**Floyd C. MILLHONE, Trustee, Plaintiff,**

v.

**SWAN LUMBER COMPANY, et al., Defendants.**

Bankruptcy No. 2–79–03040.
Adv. No. 2–83–0005.

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 13, 1983.

James H. McCauley, Belpre, Ohio, for Floyd C. Millhone, Trustee.

Matthew Yackshaw, Washington, D.C., Albert R. Ritcher, Columbus, Ohio, for the U.S.

James S. Huggins, Ashland, Ohio, for Swan Lumber Co. and Crescent Supply Co.

Paul G. Bertram, Jr., Marietta, Ohio, for Albert J. Lang.

Donald L. Jones, Akron, Ohio, for Tornes Elec. and Meeks Rental, Inc.

Roger F. Redmond, Marietta, Ohio, for Specialty Bldg. Products, Inc.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF DISMISSAL

G. L. PETTIGREW, Bankruptcy Judge.

### Facts

This adversary proceeding arises out of a Chapter 11 case filed by the debtor, Sims Brothers Builders, Inc., on October 19, 1979. Approximately six months later, on April 24, 1980, the plaintiff-trustee, Floyd Millhone, was appointed, pursuant to 11 U.S.C. § 1104. Almost three years after his appointment, the trustee brought this adversary proceeding under § 547 of the Bankruptcy Code to set aside numerous liens, including a tax lien held by the United States. The United States filed a motion to dismiss this proceeding with prejudice on February 14, 1983. The government contends that the trustee is time barred from maintaining this action by virtue of the two year statute of limitations imposed by 11 U.S.C. § 546(a)(1).

### Issues

What constitutes an "action or proceeding" which will toll the running of the two year statute of limitations imposed by 11 U.S.C. § 546(a)(1)?

### Discussion

Section 546(a)(1) of the Bankruptcy Code states that:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and . . . .

This section was derived, with some changes, from section 11(e) of the old Bankruptcy Act.

While this section prohibits the commencement of an "action" or "proceeding" more than two years after the appointment of a trustee, it does not define these terms. Similarly, no other section of the Code provides a definition for these terms. To compound the problem, the legislative history of this section does not provide an answer.

While no reported cases have directly dealt with the question, two courts have stated, by way of dicta, that a *complaint* must be filed within the two year period in order to toll the statute. *In re Maytag Sales & Service, Inc.,* 23 B.R. 384, 391 (Bkrtcy.N.D.Ga.1982); *In re Alsop,* 14 B.R. 982, 987 (Bkrtcy.D.Alaska 1981). This would seem to indicate that a formal adversary proceeding must be commenced. This would also seem to be reinforced by Bankruptcy Rule 703, which states that an adversary proceeding is commenced by the filing of a complaint.

Similarly, there are no reported cases construing the language of section 11(e) [11 U.S.C. § 29(e)] of the old Act, the predecessor of § 546(a), which called for the "institution of a suit" within two years. In addition, the Bankruptcy Rules do not

define the terms "action" or "proceeding" as used in the Bankruptcy Code. (Rule 902 does state that "action", as used in the Federal Rules of Civil Procedure, means "adversary proceeding" in the context of a bankruptcy proceeding, but this does not appear to solve the problem in this case.)

 In light of the paucity of authority in regard to the meaning of these terms as they are used in this particular statute, it would seem that it would be appropriate to resort to the general rules of statutory construction. One of the most fundamental of these rules is that words in a statute are to be given their ordinary, commonly understood meaning. *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975); *Jones v. Liberty Glass Co.,* 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947). In applying this rule to the case at bar, the meaning of the terms "action" and "proceeding", as commonly used, must be examined.

*Black's Law Dictionary,* (5th ed. 1979), at 26, defines "action" as ". . . a suit brought in a court; a formal complaint within the jurisdiction of a court of law." Moreover, *Webster's Third New International Dictionary,* (Unabridged 1976), defines the term as "a legal proceeding by which one demands or enforces one's right in a court of justice." Hence, it would appear that in its common meaning, an action is a law suit, which, in the federal system, is commenced by the filing of a complaint. Fed.R.Civ.P. 3, Bankruptcy Rule 703.

Similarly, *Black's Law Dictionary,* in defining the term "proceeding", states that:

> The word may be used synonymously with "action" or "suit" to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party. *Black's Law Dictionary,* (5th ed. 1979), 1083.

*Webster's New International Dictionary, supra,* defines "proceeding" as "a particular action at law or case in litigation." Conse-

quently, it would appear that this term also connotes a separate, discrete law suit.

 In light of the foregoing, it would seem that, based on the plain meanings of "action" and "proceeding", the statute contemplates the filing of a separate proceeding, which in this case was not done until almost three years after the trustee was appointed. Therefore, it would appear that the government's motion to dismiss is well founded. It is, therefore, granted and this adversary proceeding is hereby DISMISSED.

IT IS SO ORDERED.