In re WIKEL MANUFACTURING CO., INC., Debtor.

H. Buswell ROBERTS, Jr., Plaintiff,

v.

SENECA PETROLEUM CO., INC., Defendant.

Bankruptcy No. 86–02525.
Adv. No. 92–3141.

United States Bankruptcy Court, N.D. Ohio, W.D.

March 17, 1993.

John P. Gustafson, Toledo, OH, for plaintiff.

Richard M. Kates, Chicago, IL, Richard F. Ellenberger, Toledo, OH, for defendant.

## OPINION AND ORDER FINDING COMPLAINT TIMELY FILED

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the parties' briefs in support of their positions regarding the statute of limitations defense asserted by the defendant to the filing of plaintiff/trustee's complaint to avoid preferential transfers pursuant to 11 U.S.C. § 547(b). Upon consideration of the record herein, the court finds that said complaint was timely filed and that a pretrial upon the remaining issues presented in plaintiff's complaint should be scheduled.

### FACTS

The parties have stipulated to the following facts:

1. Wikel Manufacturing Co., Inc. [Debtor] filed for relief under chapter 11 on November 20, 1986.

2. After [Debtor] lost a case in the Ohio Supreme Court on October 11, 1989 that it needed to win in order to reorganize, the activities of that company in bankruptcy went from an effort to reorganize to a liquidation mode.

3. On December 29, 1989 [Debtor] filed a motion for authority to sell its business assets used by it in all its operations to Seal Coat Service, Inc.

4. The court issued an order allowing [Debtor] to sell substantially all of its business assets on January 31, 1990.

5. The sale of [Debtor's] business assets took place on February 6, 1990.

6. [Debtor] was converted from chapter 11 to chapter 7 by an order entered by this court on April 10, 1990.

7. [Plaintiff] was appointed as interim trustee by the Office of U.S. Trustee upon [Debtor's] conversion.

8. The first meeting of creditors was scheduled for May 16, 1990 at 11:00 a.m., and was held at that date and time.

9. The complaint against [defendant] was filed on April 17, 1992.

10. The certification of service for the complaint was filed with the court on May 6, 1992, and it reflects that the "green card" was signed by an agent of [defendant] on May 4, 1992.

Stipulation of Facts for Court Determination on the Issue of Statute of Limitations (Dec. 8, 1992). The parties agreed to submit determination of the timeliness of plaintiff's complaint upon briefs.

Plaintiff asserts that the instant complaint was timely filed on April 17, 1992, within two years after his appointment on May 16, 1990, the date of § 341 meeting. Defendant argues that the statute of limitations set forth in § 546 has run as Debtor operated a chapter 11 for some three years; the two years established by that code section prohibits plaintiff from pursuing a cause of action to recover a preferential transfer.

### DISCUSSION

The sole issue before the court concerns application of 11 U.S.C. § 546(a)(1) which provides as follows:

(a) An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104 ... of this title....

The court is persuaded by the reasoning in *In re Sandra Cotton, Inc.,* 1989 WL 98851 (W.D.N.Y.1989). (Defendant cites *In re Sandra Cotton, Inc.,* 92 B.R. 595 (Bkrtcy.W.D.N.Y.1988) in support of its position. However, this decision was reversed and remanded by the district court by the memorandum and order referenced

above.) Indeed, the facts of that case are analogous to those of the instant situation, to-wit:

December 14, 1984 chapter 11 petition
January 17, 1985 trustee appointed under chapter 11
January 14, 1986 conversion to chapter 7
April 6, 1986 chapter 7 § 341 held
December 17, 1987 § 547 complaint filed

*Id.* at 1. The issue presented to the *Sandra Cotton* court was:

whether section 546(a)(1) allows the two-year period of limitations to begin anew upon the appointment of a trustee under chapter 7 following the conversion thereto from a chapter 11 proceeding in which a trustee has been appointed.

*Id.* at 2. The *Sandra Cotton* court found that the plain language of § 546(a)(1) failed to provide the answer. *Id.* at 3. That court then applied statutory construction, reviewed the differing objectives of chapters 11 and 7 and concluded that "the period of limitations begins anew upon the 'reappointment' of the trustee under chapter 7 after conversion of the proceeding from chapter 11." *Id.* at 4.

This court is persuaded by the analysis of the *Sandra Cotton* court and finds that plaintiff timely filed the instant complaint; the period of limitations began to run from the date of his appointment as the permanent trustee, May 16, 1990, the date of the chapter 7 § 341 meeting. As plaintiff argues, and as the *Sandra Cotton* court discussed, the objectives of chapters 11 and 7 differ; the motivations to obtain the differing objectives may impact a Debtor's decision to pursue recovery of preferential transfer. Additionally, § 546(a)(1) details that the limitations period begins to run after the appointment of a trustee under § 702. Plaintiff was appointed pursuant to § 702(d) on May 16, 1990; plaintiff filed the instant complaint on April 17, 1992, within two years after his appointment.

*In re Korvettes, Inc.,* 67 B.R. 730 (S.D.N.Y.1986), reached this same conclusion, but found that the language of § 546(a)(1) was not ambiguous and that it "specifies that the two year period is to begin to run when a trustee is appointed under specific sections of the Code." *Id.* at 733. The court explained, quoting *Collier on Bankruptcy*, that:

the two year limitations period runs from the appointment of a trustee under section 702, 1104, 1163 or 1302. Thus if a Debtor in possession is serving in a case under chapter 11 and no trustee has been appointed, the two year period will not begin to run unless and until a trustee is appointed. The better view is that [§] 1107(a), which gives the Debtor powers of a trustee and subjects the Debtor in possession to the limitations placed on a trustee, does not equate service of the Debtor in possession with the appointment of a trustee for those purposes of [§] 546(a). If a trustee is appointed in a case under chapter 11 or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant 546(a).

*Id.* (quoting 4 *Collier on Bankruptcy* § 546.02 at 546–8 to 546–9 (15th ed. 1984)). Considering either the plain language as expressed by *Korvettes* or the analysis as discussed by *Sandra Cotton,* this court concludes that the statute of limitations defense asserted by defendant is not well taken.

Defendant cites this court's decision in *In re Lill,* 116 B.R. 543 (Bkrtcy.N.D.Ohio 1990) in support of its position. Notwithstanding the analysis and holding of that case, this court finds *Lill* inapposite to the instant case. In *Lill,* Debtor filed a complaint to recover a preferential transfer more than two years after the filing of the chapter 11 petition. This court found that Debtor could not pursue recovery of the transfer for several reasons, including expiration of the statute of limitations under § 546(a) and estoppel. *Id.* at 546–47. The instant complaint was filed by the chapter 7 trustee within two years of the conversion of Debtor's chapter 11 case and his appointment as permanent trustee. Debtors, in *Lill,* filed and continued as a chapter 11 case; no conversion to a chapter 7 case occurred. The facts are not analogous and the analysis pertinent to resolution of the *Lill* issue is not applicable.

Because the court finds that the statute of limitations defense is without merit, a pretrial upon the remaining issues presented in plaintiff's complaint should be scheduled. It is therefore

ORDERED that the statute of limitations defense pursuant to 11 U.S.C. § 546 asserted by defendant Seneca Petroleum Co., Inc., be, and hereby is, denied. It is further

ORDERED that a pretrial conference be held on Thursday, May 6, 1993 at 11:15 o'clock A.M. Courtroom No. 1, Room 103 United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.