**In re Ronald and Kathleen FISHER, Debtors.**

**Bruce Comly FRENCH, Trustee, Plaintiff,**

**v.**

**F.A. KOHLER CO., Defendant.**

**Bankruptcy No. 91–32180.**
**Adv. No. 93–3237.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 23, 1993.

Diane French, Lima, OH, for trustee.

Richard Levine, Columbus, OH, for defendant.

## OPINION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Trustee Bruce French's ("Trustee") and F.A. Kohler Co.'s ("Kohler") respective motions for summary judgment in the Trustee's adversary proceeding to recover an alleged voidable preference against Kohler pursuant to 11 U.S.C. § 547. The Court finds that the parties' motions are not well taken and should be denied.

### FACTS

Kohler obtained a judgment against Ronald and Kathleen Fisher (the "Fishers") in the Allen County Court of Common Pleas on April 29, 1991. Kohler filed certificates of judgment against the Fishers and obtained a lien against all real property owned by the Fishers in Allen and Logan counties on April 29, 1991 and May 8, 1991, respectively.

The Fishers filed a petition under chapter 11 of title 11 on May 31, 1991.

The Trustee was appointed by this Court on June 14, 1993 pursuant to 11 U.S.C. § 1104.

The Trustee commenced the instant adversary proceeding on August 12, 1993.

### DISCUSSION
### STANDARD FOR SUMMARY JUDGMENT

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.

The Supreme Court has noted that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party must "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). However, the Court noted in *Anderson* that:

> Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

### APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THIS PROCEEDING

#### Kohler's Statute of Limitations Defense

Neither the statutory language of 11 U.S.C. § 546(a)(1) nor the cases interpreting this provision support Kohler's argument that the Trustee's action is time barred. Applicable Statute:

11 U.S.C. § 546 provides that:

· (a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

In interpreting 11 U.S.C. § 546(a)(1), the Court "is guided by the fundamental canon that statutory interpretation begins with the language of the statute itself". *Pennsylvania Dept. of Pub. Welfare v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) (citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). The Court " 'must presume that a legislature says in a statute what it means and means in a statute what it says there' ". *Hill v. Fidelity Fin. Services (In re Hill)*, 152 B.R. 204, 205 (Bankr.S.D.Ohio 1993) (quoting *Connecticut Nat'l Bank v. Germain*, — U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). A court will depart from the literal meaning of a statute only where " 'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' ". *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citation omitted).

■ Section 546(a)(1) makes plain that the Trustee may commence a preference action until the earlier of "two years after the appointment of [the] trustee under section ... 1104" or the closing or dismissal of the case. *See* 11 U.S.C. 546(a)(1). Kohler has not cited any legislative history, and the Court is aware of none, which indicates that a literal application of § 546(a)(1) would " 'produce a result demonstrably at odds with the intentions of its drafters' ". *Ron Pair*, 489 U.S. at 242, 109 S.Ct. at 1031.

The Court declines Kohler's invitation to rewrite 11 U.S.C. § 546(a)(1). In the case at bar, "[w]hat [Kohler] asks is not a construction of the statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function". *Iselin v. U.S.*, 270 U.S. 245, 251, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926) (citations omitted).

A review of the cases decided under § 546(a) indicates that the two year limitation for commencing preference proceedings begins with the appointment of a trustee. This Court noted in *Roberts v. Seneca Petroleum Co., Inc. (In re Wikel Manuf. Co., Inc.)*, that " '[i]f a trustee is appointed in a case under chapter 11, or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant to § 546(a)' ". *Roberts v. Seneca Petroleum Co., Inc. (In re Wikel Manuf. Co., Inc.)*, 153 B.R. 183, 185 (Bankr.N.D.Ohio 1993) (quoting *In re Korvettes, Inc.*, 67 B.R. 730, 733 (S.D.N.Y.1986) (citations omitted)); *see Millhone v. Swan Lumber Co. (In re Sims Bros. Builders, Inc.)*, 35 B.R. 149 (Bankr.S.D.Ohio 1983) (holding that chapter 11 trustee's preference action was time barred because such action was not brought within two years after trustee's appointment); *cf. Saccurato v. Shawmut Bank, N.A. (In re Mars Stores, Inc.)*, 150 B.R. 869, 878 (Bankr.D.Mass.1993) ("find[ing] that the two year statute of limitations does not begin to run upon the filing of a chapter 11"). Indeed, there is authority for the proposition that a chapter 7 trustee appointed subsequent to the appointment of a chapter 11 trustee may pursue preference claims for two years following the date of such trustee's appointment as chapter 7 trustee. *See Amazing Enterprises v. Jobin (In re M & L Business Machines, Inc.)*, 153 B.R. 308 (D.Colo.1993) (§ 546(a)(1) began running on date of appointment of chapter 7 trustee when trustee who had served as chapter 11 trustee was appointed as chapter 7 trustee); *McCuskey v. F.B.S. Leasing Corp. (In re Rose Way, Inc.)*, 160 B.R. 811 (S.D.Iowa 1993) (holding that the date of appointment of a chapter 7 trustee controlled the running of the statute of limitations under § 546(a)(1) where chapter 7 trustee was appointed subsequent to appointment of a chapter 11 trustee); *Martino v. Assco Associates, Inc. (In re SSS Enterprises, Inc.)*, 145 B.R. 915 (Bankr. N.D.Ill.1992) (§ 546(a)(1) runs from the date that each trustee is appointed).

■ Kohler urges the Court to read § 546 as incorporating 11 U.S.C. § 1107. Kohler's novel interpretation of § 546 does not further Kohler's argument that the

Trustee should be barred from pursuing preference actions not brought within 2 years of the filing of a petition. Section 1107 delineates the "[r]ights, powers, and duties of [a] debtor in possession". This provision does not purport to limit the powers of a trustee appointed under § 1104.

Moreover, the cases cited by Kohler holding that § 546(a) can be read as restricting a debtor in possession's ability to recover preferences are inapposite to situations such as the case at bar where the Trustee seeks to recover a preference. *Compare Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993) (§ 546(a)(1) began running on date bankruptcy judge signed order appointing chapter 11 trustee); *and Amazing Enterprises*, 153 B.R. at 308 (statute of limitations began running on date that chapter 11 trustee was subsequently appointed as chapter 7 trustee); *with In re Softwaire Centre Intern., Inc.*, 994 F.2d 682 (9th Cir.1993) (per curiam) (reading § 546 as a restriction on the time during which debtor in possession could recover preferences) *and Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524, note 11 (10th Cir.1990) (while holding that § 546 should be read as a restriction on the time during which a debtor in possession could recover preferences, the court stated that it was "tak[ing] no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis" and "perceiv[ing] [such a situation] to be a distinguishable circumstance requiring a different analysis").

### Kohler's Equitable Defenses of Laches and Waiver

■ Kohler's equitable defenses of laches and waiver are similarly unavailing. "[B]ankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language.'" *Childress v. Middleton Arms, L.P. (In re Middleton Arms, Limited Partnership)*, 934 F.2d 723, 725 (6th Cir. 1991) (quoting *In re C–L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990)); *see also In re Fesco Plastics Corp., Inc.*, 996 F.2d 152, 156 (7th Cir.1993) ("§ 105 ... allows [bankruptcy] courts to use their equitable powers only as necessary to enforce the provisions of the Code, not to add on to the Code

as they see fit") (citations omitted). This Court will not apply the equitable defenses of laches and waiver to override the unambiguous language of 11 U.S.C. § 546(a)(1).

■ Furthermore, even if this Court could apply such equitable principles to override § 546(a)(1), Kohler has not persuaded the Court that laches or waiver should apply in the instant proceeding.

### Trustee's Preference Claim

Section 547(b) requires the Trustee to prove:

[a] transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

. . . . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ Kohler admits that it was a creditor of the Fishers which acquired judgment liens on April 29, 1991. Thus, there was a transfer of an interest of the debtors in property for the benefit of a creditor. Nor does Kohler dispute the fact that these liens were acquired on account of an antecedent debt and within 90 days of the Fishers' petition in bankruptcy.

Despite these admissions, Kohler stated in its answer that it was "without knowledge or information to form a belief" as to the Trustee's allegations that Kohler received more than it would have received if "the case were a case under chapter 7". *See* 11 U.S.C.

§ 547(b)(5). Significantly, the Trustee has not provided probative evidence that Kohler received more than it would have received in a hypothetical chapter 7 proceeding. *See Hunter v. Society Bank & Trust (In re Parker Steel Co.)*, 149 B.R. 834, 837 (Bankr. N.D.Ohio 1992) (noting that Sixth Circuit authority interpreting § 547(b)(5) ordinarily requires the Trustee to construct a "hypothetical chapter 7 distribution" but that such analysis was not required under the facts presented to the court); *see also In re Tenna Corp.*, 801 F.2d 819 (6th Cir.1986) (requiring hypothetical liquidation analysis on petition date); *c.f. In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir.1991) ("[u]nless the estate is sufficient to provide a 100% distribution, any unsecured creditor ... who receives a payment during the preference period is in a position to receive more than it would have received under a chapter 7 liquidation") (citation omitted). Therefore, a genuine issue of material fact exists as to whether Kohler received more than it would have received if the case were a case under chapter 7 and Kohler had not acquired the lien.

## CONCLUSION

In summary, the Trustee's adversary proceeding against Kohler is not time barred by 11 U.S.C. § 546(a)(1). Nevertheless, a genuine issue of material fact exists as to whether Kohler received more than it would have received if the case were a case under chapter 7 and Kohler had not acquired a lien.

In light of the foregoing, it is therefore

ORDERED that Trustee Bruce French's and F.A. Kohler's respective motions for summary judgment be, and hereby are, denied. It is further

ORDERED that a pretrial conference be held on January 27, 1994 at 3:15 o'clock PM before the Honorable Walter J. Krasniewski, United States Bankruptcy Judge, Courtroom No. 1, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.