### In re TOWER METAL ALLOY COMPANY, Debtor.

### Ruth A. SLONE–STIVER, Trustee in Bankruptcy, Plaintiff,

### v.

### The SECURITY NATIONAL BANK AND TRUST COMPANY, Defendant.

Bankruptcy No. 3–91–02828.
Adv. No. 94–3194.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Feb. 1, 1996.

John Paul Rieser, Dayton, Ohio, for Trustee.

Ruth A. Slone–Stiver, Trustee, Dayton, Ohio.

Ronald S. Pretekin, Dayton, Ohio, for Security National Bank & Trust Co.

Thomas J. Veskauf and Robert A. Wineberg, Springfield, Ohio.

## DECISION AND ORDER DENYING THE SECURITY NATIONAL BANK AND TRUST COMPANY'S MOTION TO DISMISS (DOC. # 18)

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the defendant's motion (Doc. # 18) to dismiss the plaintiff's complaint under Fed.R.Civ.P. 12(b)(1), (2), and (6). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

### PROCEDURAL POSTURE

On June 13, 1991, Tower Metal Alloy Company ("debtor") filed a petition in bankruptcy pursuant to chapter 11 of the Bankruptcy Code. Subsequently, Ruth A. Slone–Stiver ("plaintiff") was appointed the chapter 11 trustee for the debtor's estate on December 31, 1992. On September 21, 1993, the debtor's case was converted to a proceeding under chapter 7 of the Bankruptcy Code, and a meeting of creditors was held on January 27, 1994.

On October 20, 1994, the plaintiff-trustee filed a complaint (Doc. # 1) against The Security National Bank and Trust Company ("defendant") alleging that certain transfers made by the debtor to the defendant were voidable as preferential transfers under § 547 of the Bankruptcy Code or voidable as fraudulent conveyances under § 548. The complaint also alleges that certain post-petition transfers were received by the defendant from the debtor and that these transfers are voidable under §§ 549 and 550 of the Bankruptcy Code. Finally, the complaint seeks the recovery of interest, costs and expenses, and reasonable attorney fees. Although defendant's counsel was furnished with a copy of plaintiff's complaint, no summons was ever issued with regard to such complaint, and the defendant has never been served with the original complaint.

On January 18, 1995, the plaintiff-trustee filed an amended complaint (Doc. # 2). In addition to the four claims for relief set forth in her original complaint, the plaintiff's

amended complaint included a claim for relief under § 544 of the Bankruptcy Code and Ohio's Uniform Fraudulent Transfer Act as well as a claim objecting to any and all proofs of claim filed by the defendant or equitable subordination of such claims. A summons for the plaintiff's amended complaint was issued on January 18, 1995, and the summons and amended complaint were served upon the defendant on January 19, 1995.

On March 3, 1995, the court entered an agreed order (Doc. # 10) which extended the time for the defendant to respond to the plaintiff's complaint, and the defendant filed an answer (Doc. # 11) to the trustee's amended complaint on March 16, 1995.

Presently before the court is the defendant's motion to dismiss plaintiff's "original complaint" under Fed.R.Civ.P. 12(b)(1), (2), and (5) for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and insufficiency of service of process.

## CONCLUSIONS OF LAW

■ The initial issue before the court is when was the last day for the plaintiff-trustee to file an action under § 544, § 547 or § 548 of the Bankruptcy Code. On the date relevant to this decision, § 546(a) of the Bankruptcy Code—which governs limitations on avoiding powers—read as follows: [1]

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed of dismissed.

11 U.S.C. § 546(a).[2]

The defendant contends that:

The Plaintiff in this proceeding was appointed as chapter 11 trustee on December 31, 1992, therefore any § 547 or § 548 actions must have been commenced by De-

cember 31, 1994. As the Original Complaint was not properly served and is accordingly ineffective, the date on which the Amended Complaint was filed is the controlling date for determining if these claims are within the limitation period. The filing of the Amended Complaint on January 18, 1995, is clearly past the limitations period. "If a complaint seeking to avoid a preferential or fraudulent transfer is not filed in accordance with section 546(a), *a bankruptcy court has no jurisdiction to hear the action.*" *Martin v. First National Bank of Louisville (In re C.H. Butcher, Jr.),* 829 F.2d 596, 600 (6th Cir. 1987) (emphasis added by the defendant). Accordingly, the § 547 and § 548 causes of action must be dismissed.

Doc. # 19 at 14–15.

The plaintiff-trustee maintains that a completely new two-year statute of limitations period began when she was appointed the chapter 7 trustee and, as a result, the statute of limitations of § 546 does not expire until February 1, 1996:

At present the courts are split on the issue of whether a new two-year statute of limitations period begins to run upon the appointment of a chapter 7 trustee after conversion from a chapter 11 bankruptcy proceeding. The Sixth Circuit has yet to rule on this question, however, the Northern District of Ohio, Western Division, has held with the majority, declaring that because the motives and goals of a chapter 7 trustee are completely different from (and in many instances counter to) those of a proceeding chapter 11 trustee, "the periods of limitations begins anew upon the 'reappointment' of the trustee under chapter 7 after conversion of the proceeding from chapter 11." *Roberts v. Seneca Petroleum Co., Inc. (In re Wikel Mfg. Co., Inc.),* 153 B.R. 183, 185 (Bankr.N.D.Ohio 1993).

Doc. # 23 at 13.

■ This court has previously held, in an adversary proceeding involving the same

---

1. Subsequent to the debtor filing its petition in bankruptcy, 11 U.S.C. § 546(a) was amended by the Bankruptcy Reform Act of 1994 (Pub.L. No. 103–394). Because the debtor's petition in bankruptcy was filed prior to the effective date of the Act (October 11, 1994), amended § 546(a) is not applicable to the present adversary proceeding.

2. By its terms, § 546(a) does not apply to the trustee's claim regarding postpetition transactions nor her claim objecting to the defendant's proofs of claim and request for equitable subordination.

debtor as in this case, that the appointment of a chapter 11 trustee—subsequent to a debtor being in possession of the estate—commenced a new two-year statute of limitations period under § 546(a) of the Bankruptcy Code. *Slone–Stiver v. Sol Tick & Co., Inc. (In re Tower Metal Alloy )*, 183 B.R. 502 (Bankr.S.D.Ohio 1995). Specifically reserved in that decision was the question now before the court: whether the appointment of a chapter 7 trustee after a case is converted from a chapter 11 case (in which a trustee was serving) to a chapter 7 case initiates yet another two-year statute of limitations. As the plaintiff points out, there is a split of authority with respect to this issue.[3] This court is persuaded, however, that the rationale contained in the Eight Circuit's decision of *McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir.1994), is the more convincing of the two basic views espoused in this area:

> We agree with the Ninth Circuit … that the two-year statute of limitations did not begin to run anew with the appointment of the chapter 7 trustee. In particular, we agree that a "plain reading of section 546(a) is that the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations." *In re San Joaquin Roast Beef*, 7 F.3d 1413, 1416 (9th Cir.1993).
>
> ….
>
> In our view, the disjunctive language [of § 546(a)(1) ] only specifies that the single, continuous, two-year statute of limitations begins to run with the appointment of a trustee under one of the enumerated chapters, not that the limitations period should start over if the case is subsequently converted to another chapter and a new trustee is appointed. We find any

other reading of the disjunctive language to be unnatural.
*McCuskey,* 37 F.3d at 1332.

Even assuming that the meaning of § 546(a)(1) is not "plain," but rather ambiguous and requiring an examination of the policy considerations underlying the statute, the Eight Circuit concluded that "those considerations also weigh in favor of our conclusion that the two-year limitation on preference actions under § 546(a)(1) did not start anew when McCuskey was appointed as the chapter 7 trustee." *Id.*

> [T]he courts addressing this issue have identified two competing policies to consider in construing § 546(a)(1): (1) the purposes of statutes of limitations, i.e., to bring finality to issues and to prevent stale claims and (2) the policy of allowing the chapter 7 trustee to carry out his duties to maximize the chapter 7 estate….
>
> Section 546(a)(1) is a provision of limitation, not a provision designed to allow the chapter 7 trustee to maximize recovery for the chapter 7 estate. The purposes of this section then, like most statutes of limitations, are to bring finality to an issue and to prevent stale claims…. Neither purpose is accomplished by interpreting the two-year limitation in § 546(a)(1) to begin anew with the appointment of McCuskey as the chapter 7 trustee. Starting the limitation period anew would directly contradict the purpose of closing the door "finally, not qualifiedly or conditionally," (citation omitted) because although the limitation could completely expire during a chapter 11 case, the possibility would always remain that the trustee's recovery action could be resurrected by a later conversion to chapter 7.
>
> We conclude that there is no indication anywhere in the Bankruptcy Code or the policies underlying § 546(a)(1) that Congress intended courts construing § 546(a)(1) to make the well-established

---

**3.** For cases supporting the plaintiff-trustee's position *see, e.g., Hovis v. United Screen Printers, Inc. (In re Elkay Industries, Inc.),* 167 B.R. 404 (D.S.C.1994); *Amazing Enterprises v. Jobin (In re M & L Business Machines, Inc.),* 153 B.R. 308 (D.Colo.1993); *Martino v. Assco Associates, Inc. (In re SSS Enterprises, Inc.),* 145 B.R. 915

(Bankr.N.D.Ill.1992). For cases *contra, see, e.g., Gillman v. Mark Oakes Trucking (In re CVA Associates ),* 171 B.R. 122 (D.Utah 1994); *Grabscheid v. Denbo Iron and Metal, Inc. (In re Luria Steel and Trading Corp.),* 164 B.R. 293 (Bankr.N.D.Ill. 1994).

purposes of statutes of limitations subservient to considerations of a chapter 7 trustee's ability to pursue actions to maximize the chapter 7 estate after a case is converted from chapter 11. In our view, if Congress had intended such an interpretation, it would have explicitly provided for it. *Id.* at 1332–1333.

■ This court concludes, then, that the last date for the plaintiff-trustee to file an adversary proceeding under § 547 or § 548 of the Bankruptcy Code was December 31, 1994, two years after she was appointed a chapter 11 trustee.[4] As a result, plaintiff's original complaint was filed within the statute of limitations, and her amended complaint was not filed until after the expiration of the statute of limitations.

■ Defendant states that Fed.R.Civ.P. 4(m) "establishes a maximum time of 120 days from filing of the complaint in which to serve the summons associated with that complaint" and that "Security National Bank was never properly served, and accordingly the Original Complaint must be dismissed unless Plaintiff can establish good cause for not effecting service within the required time." Doc. # 19 at 5–6. At the outset it is important to observe that the Bankruptcy Code's two-year time limitation on actions involving the trustee's avoiding powers is solely concerned with the time an action is *commenced:*

> (a) An action or proceeding under section 544, 545, 547, 548, or 533 of this title may not be *commenced* after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (emphasis supplied).

■ Under the Federal Rules of Civil Procedure all that is required to *commence* a civil action is the filing of a complaint with the court. Fed.R.Civ.P. 3. "Service of pro-

cess is not required to commence an action under Rule 3 . . . ." *Pardazi v. Cullman Medical Center,* 896 F.2d 1313, 1315 (11th Cir.1990).

■ Prior to 1983, the Federal Rules contained no specific provision regarding the time period within which service of a complaint was required to be accomplished. In 1983, however, Rule 4(j) was added to the Federal Rules, and in 1993 Rule 4(j) was amended and redesignated as Rule 4(m). Under this Rule, a summons and complaint must generally be served within 120 days of the filing of the complaint, or the complaint may be dismissed without prejudice:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.* Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Adv.Comm.Note (1993) (emphasis supplied).

■ The policy behind the Rule is to promote "prompt movement of civil actions through the federal courts," *Wei v. State of*

4. Plaintiff maintains that she did not *accept* her appointment as trustee until January 22, 1993, and the two-year statute of limitations period should run from this date. This court disagrees. "The operative date of a trustee's appointment under § 1104 is the one when the court enters an order which approves the United States Trustee's appointment of a trustee." *Boatman v. Furnia* (*Matter of Sutera*), 157 B.R. 519, 521 (Bankr. D.Conn.1993).

*Hawaii,* 763 F.2d 370, 372 (9th Cir.1985), and "determining whether good cause exists in a particular case is a decision left to the sound discretion of the trial court...." *Bachenski v. Malnati,* 11 F.3d 1371, 1376 (7th Cir.1993).

 Here, it is quite clear that "good cause" exists for not serving plaintiff's original complaint upon the defendant. "The basic purpose of service of original process is to inform the defendant ... of the nature of the action, as well as to secure jurisdiction over the named defendant." 2 Moore's Federal Practice para. 4.02[3] (2d ed. 1995). Claims one through four of the original complaint are identical to four of the claims contained in Plaintiff's amended complaint. Because the amended complaint was served upon the defendant within 120 days of the filing of the original complaint, the defendant was formally served and supplied with the exact allegations contained in the original complaint, albeit in a different document than the original complaint, *within the time period specified by Rule 4(m) to serve the original complaint.*[5] As a result, the court finds that as to the claims contained in the original complaint, the defendant was properly informed of these claims within the 120–day time period of Rule 4(m) and thereby received the functional equivalent of timely service of the original complaint. In addition, because an amended complaint supersedes an original complaint for most purposes, plaintiff was completely justified in not serving the original complaint upon the defendant. Such service would serve no useful function, and "[i]n fact, where an amended pleading supersedes the original complaint 'subsequent service of the superseded prior or original pleading is improper'...." *Gilles v. United States,* 906 F.2d 1386, 1390 (10th Cir.1990).

 The defendant also contends that, because the amended complaint was filed after the expiration of the two-year statute of limitations period of § 546(a) and the original complaint was never served, service of the amended complaint does not relate back to the date the original complaint was filed and, therefore, plaintiff's cause of action is barred by the statute of limitations. With respect to the date an amended complaint is considered to have been filed, Fed. R.Civ.P. 15(c) provides that:

> An Amendment of a pleading relates back to the date of the original pleading when
>
> . . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

 Because claims number one (preferential transfers), number two (fraudulent transfers), number four (postpetition transfers) and number six (accounting, interest, and attorney fees) of the amended complaint are identical to the claims contained in the original complaint, those claims not only arise out of the same conduct, transaction, or occurrence set forth in the original complaint, but set forth the identical conduct, transaction, or occurrence contained in the original complaint. Rule 15(c)(2) is obviously satisfied, and those claims relate back to the date the original complaint was filed on October 20, 1994. With regard to the amended complaint's fifth claim (objection to proofs of claim and request for subordination), such claim is based on sections 502 and 510 of the Bankruptcy Code, and the two-year limitations period of § 546 is not applicable to either § 502 or § 510. As a consequence, plaintiff's fifth claim has been timely commenced. The result is not as clear in the case of claim number three of the amended complaint which requests relief under Ohio's Uniform Fraudulent Transfer Act. Without a factual foundation, the court will not rule on whether claim number three of the amended complaint arises "out of the conduct, transaction, or occurrence" set forth in plaintiff's original complaint and, therefore, relates back to the date the original complaint was filed with court. Plaintiff is therefore cautioned that at the trial in this matter the evidence must demonstrate the requisite connection[6] between claim number three of

---

5. The result in this case may have been quite different had the amended complaint been served more than 120 days after the original complaint was filed.

6. "The test under Rule 15(c) of whether a suffi-

the amended complaint and the facts underlying the original complaint in order to have the additional claim deemed to relate back to the date of the original complaint.

For the foregoing reasons, it is hereby ORDERED that Security National Bank and Trust Company's Motion to Dismiss is DENIED.

cient factual nexus exists to permit relation back is whether 'the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed.' (citation omitted)....

If, however, an amendment states a new claim based on a materially different set of facts than the original claim, the amendment does not relate back.... Courts need take care that a party not be allowed to use the relation back doctrine solely to 'bootstrap' time-barred claims onto viable actions where the claims are not based on the same factual allegations." *Brandt v. Gerardo* (*In re Gerardo*), 173 B.R. 379, 389 (Bankr.N.D.Ill. 1994).