**In re CONTINENTAL CAPITAL & CREDIT, INC., a California corporation, Debtor.**

**Charles W. DAFF, Trustee, Plaintiff,**

v.

**REGAL RECOVERY INC., a California corporation, Defendant.**

**Bankruptcy No. SA 89–01233JW.**
**Adv. No. SA 92–01519JW.**

United States Bankruptcy Court,
C.D. California.

Sept. 1, 1993.

D. Edward Hay, Rus, Miliband, Williams & Smith, Irvine, CA, for plaintiff, Charles W. Daff, Trustee.

Kevin Carey, Schall, Boudreau & Gore, San Diego, CA, for defendant, Regal Recovery, Inc.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

### I. Introduction

Chapter 7 Trustee, Charles W. Daff ("Trustee") filed an adversary complaint against Defendant, Regal Recovery Agency, Inc. ("Regal Recovery") seeking to avoid and recover $9,904.50 of alleged preferential transfers pursuant to 11 U.S.C. § 547. Regal Recovery filed a motion to dismiss, or in the alternative, for judgment on the pleadings. Regal Recovery contends that the statute of limitations contained in 11 U.S.C. § 546(a)(1) runs from the commencement of a Chapter 11 case regardless of whether the case is subsequently converted to a case under Chapter 7 and a permanent trustee is appointed.

### II. Statement of Facts

Continental Capital & Credit filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 2, 1989. The case was subsequently converted from Chapter 11 to Chapter 7 on May 2, 1990. On May 4, 1990 an interim Chapter 7 trustee was appointed. On July 3, 1990, at the first meeting of creditors held pursuant to 11 U.S.C. § 341(a), an election was held and Charles W. Daff was appointed as permanent trustee in place of the interim trustee.

On July 1, 1992, the Trustee filed an adversary complaint against Regal Recovery seeking to avoid and recover $9,904.50 of alleged preferential transfers pursuant to 11 U.S.C. § 547. On August 8, 1992 Regal Recovery filed their answer to the complaint. In the answer, Regal Recovery alleged as an affirmative defense that the Trustee's complaint was barred by the applicable statute of limitations, 11 U.S.C. § 546(a)(1) (1988).

On August 3, 1993 Regal Recovery filed a motion to dismiss for failure to state a claim or, in the alternative, for judgment on the pleadings. Regal Recovery's motion to dismiss is premised on the theory that the two year statute of limitations contained in 11 U.S.C. § 546(a)(1) runs from the commencement of a Chapter 11 case regardless of whether a trustee is later appointed. The Trustee, in its opposition,

contends that pursuant to 11 U.S.C. § 546(a)(1) a permanent trustee is provided a new two year period in which to file an avoidance action under § 547. At the hearing on the motion to dismiss held on August 26, 1993 this matter was taken under submission to determine one issue: When a Chapter 11 case is subsequently converted to a case under Chapter 7 of the Code, is a permanent Chapter 7 trustee provided a new two year period in which to file an avoidance action under § 547?

### III. Discussion

The Code gives a debtor-in-possession nearly all the rights, powers and duties of a bankruptcy trustee. 11 U.S.C. § 1107(a) (1988). Included in these is the power to avoid and recover a preferential transfer pursuant to 11 U.S.C. § 547. Code § 546 provides in pertinent part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years *after the appointment of a trustee under section 702*, 1104, 1163, 1302, or 1202 of this title ...

11 U.S.C. § 546(a)(1) (1988) (emphasis added).

Code § 702 provides that the appointment of a trustee occurs by way of an election held at the meeting of creditors held pursuant to Code § 341(a). 11 U.S.C. § 702(a) (1988). The plain language of §§ 546 and 702 specifically provide a permanent trustee, elected pursuant to § 702, two years to file an avoidance action under § 547.

Notwithstanding the plain language of § 546(a)(1) Regal Recovery filed its motion to dismiss asserting that the limitations period should commence upon the filing of a bankruptcy petition. Regal Recovery contends that the statute of limitations period does not run anew if the case is later converted to a Chapter 7 case with a permanent trustee appointed. In support, Regal Recovery relies upon the cases of *In re Softwaire Centre International, Inc.*, 994 F.2d 682 (9th Cir.1993) and *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir. 1990).

In *Softwaire Centre* the *debtor* filed a complaint more than two years after it filed its bankruptcy petition. The debtor argued that because it is a debtor-in-possession and no trustee had been appointed, § 546(a)(1) does not apply. The Ninth Circuit Court of Appeals held that in a Chapter 11 proceeding, the § 546(a)(1) statute of limitations period applied to a debtor-in-possession as the functional equivalent of a trustee. Accordingly, the debtor's action was time barred.

The court in *Softwaire Centre* based its decision on the holding in *Zilkha*. In *Zilkha* a successor to the Chapter 11 debtor-in-possession sought recovery of alleged overpayments of oil and gas royalties pursuant to 11 U.S.C. §§ 544 and 548. The court held that § 546(a)(1) applies to actions filed by a *debtor-in-possession* and the period of limitation begins to run from the date of the filing of the petition.

The facts in this case are clearly distinguishable. The *Softwaire Centre* and *Zilkha* cases were not converted from Chapter 11 to Chapter 7. The holdings of those cases merely extends the plain meaning of § 546(a)(1) to Chapter 11 debtors, the rationale being that § 546(a)(1), when read in light of § 1107(a) was intended to apply to a debtor-in-possession.

This Court's determinant is the plain language of § 546(a)(1) which must be enforced according to its literal terms. *See Patterson v. Shumate*, — U.S. —, —, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992); *Union Bank v. Wolas*, — U.S. —, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *Toibb v. Radloff*, — U.S. —, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Plainly read, §§ 546(a)(1) and 702 specifically provide a permanent trustee, elected pursuant to § 702, two years to file an avoidance action under § 547. In this case, the 341(a) meeting of creditors was held on July 3, 1990 whereby Plaintiff, Charles W. Daff was elected as permanent trustee. As the Trustee's action was filed on July 1, 1992, it is not time barred by § 546(a)(1).

## IV. Conclusion

This Court's review of applicable law compels the conclusion that where a case filed under Chapter 11 is later converted to Chapter 7, the statute of limitations contained in 11 U.S.C. § 546(a)(1) runs from the date that a permanent Chapter 7 Trustee is appointed. This memorandum of decision contains this Court's findings of fact and conclusions of law. Counsel for the Trustee shall lodge and serve a proposed order consistent with this memorandum of decision.