In re BULMAN CONSTRUCTION COMPANY, INC., Debtor.

Larry S. HYMAN, Chapter 7 Trustee, Plaintiff,

v.

MOBIL OIL CORPORATION, a foreign corporation d/b/a Mobil Mining and Minerals Company, and Trans–Phos, Inc., a Florida Corporation, Defendants.

Bankruptcy No. 91–13071–8P7.
Adv. No. 93–761.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 13, 1994.

James Foster, Orlando, FL, for plaintiff.

John Emmanuel, Tampa, FL, for Mobil Oil Corp.

Matthew Kovschak, Bartow, FL, for Trans–Phos, Inc.

## ORDER ON MOTION TO DISMISS COMPLAINT, TO STAY DISCOVERY AND FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion to Dismiss Complaint, to Stay Discovery and for Sanctions, filed by Mobil Mining and Minerals Company (Mobil). In its Motion, Mobil seeks dismissal of the complaint, or in the alternative a stay of the discovery of this proceeding. The Motion to Dismiss is based on the principles of res judicata, or in the alternative, collateral estoppel or laches. The facts relevant to resolution of this controversy are as follows:

Prior to the commencement of this case, Mobil and Bulman Construction Company, Inc. (Debtor) entered into a Job Contract, Contract Number 05898C (Contract) in which the Debtor agreed to recover, haul and unload debris and Mobil agreed to pay for these services.

On October 4, 1991, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. In December 1991, the Debtor filed an adversary proceeding. In Count I the Debtor sought a money judgment for money claimed to be due by Mobil to the Debtor under the contract. In Count II of the Complaint, the Debtor requested a determination that the subcontractors did not have a valid lien claim against the Debtor. On February 2, 1992, this Court entered an Order and granted Mobil's Motion staying any further proceeding on Count I pending a determination by this Court of the merits of the claims set forth in Count II.

On July 27, 1992 the case was converted to Chapter 7 and Larry S. Hyman was appointed as trustee (Trustee). On July 31, 1992, this Court entered an Order directing the Trustee to seek substitution as Plaintiff in the adversary proceeding commenced by the Debtor in Possession. The Order granted the Trustee fourteen (14) days in which to file a Notice of Substitution. The Order further provided that if the Trustee failed to file a timely notice indicating his intention to be substituted as Plaintiff in the adversary proceeding, the adversary would be dismissed without further notice.

On August 5, 1993 the Trustee filed a Motion for Order Substituting Trustee as Party Plaintiff Nunc Pro Tunc. It is undisputed that this Motion was not timely. On August 23, 1993 this Court entered an Order and denied the Trustee's Motion, and the adversary proceeding was dismissed.

On November 5, 1993, the Trustee filed the instant adversary proceeding. His complaint contains two counts. In Count I the Trustee seeks a money judgment for damages and moneys claimed to be due under the Contract, the very same contract which was the subject of the original complaint filed by the Debtor in possession during the pendency of the Chapter 11 case. In Count II the Trustee seeks a determination of the extent and validity of liens claimed by subcontractors against property of the estate. On December 3, 1993, Mobil filed its Motion to Dismiss Complaint, to Stay Discovery and For Sanctions, which is currently before the Court.

Based upon the foregoing, Mobil contends that the Complaint filed by the Trustee should be dismissed because the Complaint filed by the Trustee is nothing more than repetition of the Complaint filed by the Debtor during the pendency of the Chapter 11 and which was dismissed for the Trustee's failure to timely substituted as party plaintiff. According to Mobil, the Trustee is barred by res judicata to proceed with the second Complaint or in the alternative, bound by the doctrine of collateral estoppel. Mobil also contends that in any event the Trustee is barred by the doctrine of laches from proceeding with the second complaint; and because the amount of time which has elapsed between the dismissal of the first Complaint and the filing of the present one. Furthermore, so contended Mobil that the complaint should be dismissed upon equitable grounds based upon the circumstances surrounding the previous dismissal and the amount of time which has elapsed since that dismissal.

■ There is hardly any doubt that neither the doctrine of res judicata nor the doctrine of collateral estoppel have an appli-

cation to the undisputed facts before this Court. First, the parties are not the same, the issues in the original and in the subsequent adversary proceeding before this Court are not the same. *In re St. Laurent, II, et al.,* 991 F.2d 672 (11th Cir.1993); *In re Daily,* 125 B.R. 816 (Bankr.D.Haw.1991). Second, none of the issues involved in the first adversary proceeding, albeit they are basically identical, were ever actually tried. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). See also, *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *Matter of Ross,* 602 F.2d 604 (3d Cir.1979).

■ Considering the Motion to Dismiss based on laches, it is well-established that the elements of laches are (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *EEOC v. Great Atlantic & Pacific Tea Co.,* 735 F.2d 69 (3d Cir.1984) (quoting *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)). In the present instance, there is no doubt that the Trustee failed to timely substitute in as party-plaintiff, and took no action to pursue the claims set forth in the complaint for over a year and a half after the first dismissal. However, this Court is satisfied that the delay caused by the Trustee in the pursuit of this action, although unreasonable, is not prejudicial to Mobil.

■ However the result is slightly different as to Count II, which seeks to a determination of the extent or validity of a lien. § 546 limits the time during which a Trustee may begin an action under § 544 or § 545 of the Bankruptcy Code. § 546 provides, in pertinent part, as follows:

§ 546. Limitations on avoiding powers

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

In the present case, the Chapter 7 trustee was appointed on July 30, 1992, and the Complaint was filed on November 5, 1993. Although this is within the two years set forth in § 546, it now appears that the time for commencement of an action under § 546 begins to run from the date of the Chapter 11 case. *In re Coastal Group, Inc.,* 13 F.3d 81 (3d Cir.1994); *In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *In re Luria Steel and Trading Corporation,* 164 B.R. 293 (Bankr. N.D.Ill.1994). That being the case, Count II of the Complaint is clearly outside of the two year period and is time-barred.

This leaves for consideration the request by Mobil that the proceeding on Count I be stayed. Inasmuch as this request seeks the stay pending resolution of Count II, and this Court has already determined that Count II is time-barred, this Court is satisfied that the request to stay is not well taken.

■ Finally, Mobil seeks the imposition of sanctions, upon the Trustee, and counsel for the Trustee for the filing of this Complaint which was identical to the previously filed Complaint. The sanctions sought are based upon alleged violations of Federal Rule of Bankruptcy Procedure 9011. The document complained of is the Complaint, signed by James E. Foster, attorney for the Trustee. F.R.B.P. 9011, provides in pertinent part as follows:

Rule 9011. Signing and Verification of Papers

(a) Every petition, pleading, motion and other paper served or filed in a case ... shall be signed by at least one attorney of record ... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass to cause delay, or to increase the cost of litigation....

This Rule provides that the signature of an attorney constitutes a certification that the attorney has read the document; that to the best of the attorney's knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; that it is warranted by existing law, or a good faith argument exists for the extension, modification or reversal of the existing law; and that it is not interposed for any improper purpose such as to harass, cause unnecessary delay or increase the cost of litigation.

Upon a review of the Complaint, there is no question that the Trustee pled a viable claim against Mobil in his Complaint. Although it is clear that this Complaint is the identical complaint to that filed by the Debtor-in-Possession during the Chapter 11, there is nothing to say that the Complaint is no longer grounded in fact or supposedly by existing law simply because it had previously been asserted. Based upon this Court's findings above vis-a-vis res judicata and collateral estoppel, this Court is satisfied that there was no violation of F.R.B.P. 9011 by counsel for the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Complaint, to Stay Discovery and for Sanctions is hereby denied. A pretrial conference shall be scheduled before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on July 27, 1994 at 10:15 a.m. It is further

ORDERED, ADJUDGED AND DE-CREED that Count II is hereby dismissed with prejudice.

DONE AND ORDERED.