In re KENDALL MEAT IMPORTS, INC., Debtor.

Gui GOVAERT, as Trustee for the Estate of Kendall Meat Imports, Inc., Plaintiff,

v.

Louis ANAGNOS, George Anagnos, and T. Rowe Price Associates, Inc., Defendants.

Bankruptcy No. 92–10232–BKC–AJC. Adv. No. 94–0520–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 27, 1994.

Law Offices of D. Jean Ryan, Miami, FL, for Louis Anagnos.

Brian S. Behar, Behar, Gutt & Glazer, P.A., Aventura, FL, for Gui Govaert, Trustee.

Gui Govaert, Trustee, Miami, FL.

### ORDER DENYING LOUIS ANAGNOS' MOTION TO DISMISS TRUSTEE'S COMPLAINT AND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on December 1, 1994 at 9:30 a.m., on the Motion of Defendant, LOUIS ANAGNOS, to Dismiss Trustee's Complaint and Amended Complaint for Lack of Subject Matter Jurisdiction. The Court having heard argument of counsel having reviewed the file, and the Court being otherwise fully advised in the premises, determines as follows.

Debtor's case was commenced as an involuntary Chapter 7 bankruptcy liquidation by the filing of an involuntary petition on January 14, 1992. The Court entered an order for relief on February 13, 1992. On July 21, 1992, the Clerk of the Bankruptcy Court issued the commencement notice, whereby the § 341 meeting of creditors was set for August 11, 1992, and Steven Friedman was appointed as interim Trustee pursuant to 11 U.S.C. 701. An election for a permanent Trustee was held at the § 341 Meeting of Creditors and Gui Govaert was elected by the creditors to serve as permanent Trustee pursuant to 11 U.S.C. 702. The Office of the United States Trustee raised various questions and objections to the election, including but not limited to raising the issues as to whether proper creditor presence and vote was had at said election. The U.S. Trustee's office memorialized its objections to the election in a Report to Court of § 341 Meeting Election of Trustee dated November 5, 1992. The U.S. Trustee's report memorialized the various comments made by the Office of the U.S. Trustee at the Bankruptcy Code § 341 meeting including but not limited to the statement on the record made by the U.S. Trustee's Office that until such time as this Court entered an order determining the propriety of the election, that Steven Friedman would continue to serve as interim trustee and that creditors were directed to continue to deal with Mr. Friedman. The order of court dated November 8, 1992 confirmed the election of Gui Govaert as permanent trustee. The original adversary complaint in this case was filed on June 10, 1994, and on October 10, 1994 this Court entered its Order authorizing the Plaintiff Trustee to amend his Complaint. Based on the aforementioned facts, it is

**ORDERED:**

1. That Defendant L. ANAGNOS' Motion to Dismiss is denied. The two year statute of limitations in which a Trustee must file a Complaint, as set forth in Bankruptcy Code § 546(a)(1) commences to run upon the "appointment of a trustee" under section 702. See *11 U.S.C.* § 546(a)(1). It is the majority view, and the Court agrees, that the language "appointment of a trustee," as used in Bankruptcy Code § 546(a)(1), means the appointment of a permanent trustee pursuant to 11 U.S.C. 702. *In re O'Neill,* 94 B.R. 739 (Bankr.N.D.Fla.1988); *In re Southard,* 91 B.R. 160 (Bankr.N.D.Fla.1988). Where there is an actual creditor election at a Bankruptcy Code § 341 Meeting of Creditors, and there are certain questions and/or objections raised to the propriety of that election, the two year statute of limitations does not begin to run until such time as the Bankruptcy Court enters an order resolving the issues raised at the election, and either confirms the election or rejects the election. *In re Metro Shippers, Inc.,* 95 B.R. 366 (Bankr.E.D.Pa. 1989); *In re Bob Grissett Golf Shoppes, Inc.,* 58 B.R. 996 (E.D.Va.1986). Because the U.S. Trustee's Office raised questions and/or objections to the election, it was not until this Court entered its order dated November 8, 1992 confirming the election and the appointment of Gui Govaert as permanent trustee that the two year statute of limitations began to run. As the original Complaint in this case was filed on June 10, 1994, clearly within the two year statute of limitations, the original Complaint is timely.

82

2. With respect to the Amended Complaint, the Court finds that said amendments are timely pursuant to the "relation back" doctrine as set forth in Rule 15(c) of the *Federal Rules of Civil Procedure* made applicable to this adversary proceeding by virtue of Rule 7015 of the *Federal Rules of Bankruptcy Procedure*. A review of the Amended Complaint indicates that no additional facts were added to the Amended Complaint. The only additional item contained in the Amended Complaint was the addition of a new legal theory for preference recovery based on the same facts and circumstances. As the new claim set forth in the Amended Complaint arose out of the conduct, transaction or occurrence as set forth or attempted to be set forth in the original complaint, the Court finds that the relation back doctrine applies, and the amended Complaint is timely pursuant to Fed.R.Civ.P. 15(c).