In re TUSA FLORIDA, INC., et al., Debtors.

James S. FELTMAN, Chapter 7 Trustee of TUSA, Inc., TUSA Florida, Inc., TUSA Holdings, Inc., Ad Trac, Inc., TUSA Leasing, Inc., Pacific Car Rental Management, Inc., Tropical USA, Inc., THH Corp., Tropical Holdings, Inc., Auto Rental Company Ltd., Tropical Rent–A–Car Systems, Inc. and Total Pacific Partnership, Plaintiffs,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

Bankruptcy Nos. 93–10748–BKC–PGH to 93–10759–BKC–PGH and 93–10928–BKC–PGH.
Adv. No. 95–0598–PGH–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 12, 1995.

Paul J. Battista, Kelley, Drye & Warren, Miami, FL, for plaintiffs.

Charles M. Tatelbaum, Johnson, Blakely Pope Bokor Ruppel & Burns P.A., Clearwater, FL, for defendant.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON GENERAL MOTORS ACCEPTANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT*

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS MATTER came before this Court on the Motion for Summary Judgment (the "Motion") filed by General Motors Acceptance Corporation ("GMAC"). The Court, having reviewed and considered the Motion and the accompanying Memorandum of Law in support of the Motion, having reviewed and considered the Trustee's Response to the Motion (the "Trustee's Response") and otherwise being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

## A. FINDINGS OF FACT

1. On February 26, 1993 (the "Petition Date"), TUSA Florida, Inc., TUSA, Inc. TUSA Holdings, Inc., TUSA Leasing, Inc., Ad Trac, Inc., Pacific Car Rental Management, Inc., Tropical USA, Inc., THH Corp., Tropical Holding, Inc., Auto Rental Company Ltd., Tropical Rent–A–Car Systems, Inc. and Total Pacific Partnership (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11.

2. GMAC filed a motion seeking the appointment of a Chapter 11 trustee.

3. On May 11, 1993, the Court granted GMAC's motion for the appointment of a trustee, and the United States Trustee for the Southern District of Florida appointed James S. Feltman to act as Chapter 11 trustee for the Debtors.

4. Each of the Debtors' Chapter 11 cases were subsequently converted to cases under Chapter 7 and the United States Trustee reappointed James S. Feltman (the "Trustee") to act as Chapter 7 trustee for the Debtors.

5. On May 5, 1995, the Trustee filed a six-count complaint against GMAC (the "Complaint").

6. Counts I and II of the Complaint seek to avoid preferential transfers to GMAC pursuant 11 U.S.C. § 547.

7. Count III of the Complaint seeks a determination of the extent, validity and priority of a lien under 11 U.S.C. § 506.

8. Count IV of the Complaint seeks to avoid a fraudulent transfer to GMAC under 11 U.S.C. § 544 and state law.

9. Count V of the Complaint seeks turnover of property of the Debtors' estates under 11 U.S.C. § 542.

10. Count VI of the Complaint seeks disallowance of GMAC's claims against the Debtors' estates under 11 U.S.C. § 502(d).

11. The Trustee filed the Complaint within two years of his first appointment as Chapter 11 trustee, but not within two years of the filing of the Debtors' bankruptcy petitions.

12. The Debtors' cases have not been closed or dismissed.

## B. CONCLUSIONS OF LAW

1. This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1334(b) because the Complaint arises under Title 11 and arises in and is related to the Chapter 7 bankruptcy cases, *In re TUSA Florida, Inc., et al.,* Case Nos. 93–10748–BKC–PGH through 93–10759–BKC–PGH and 93–10928–BKC–PGH, now pending in the United States Bankruptcy Court for the Southern District of Florida.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409(a) because the Complaint arises under a case pending in the Southern District of Florida under Title 11 of the United States Code.

3. The Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (F), (K) and (O).

4. On the Petition Date, 11 U.S.C. § 546(a)[1] provided:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed

(the "Pre–Amendment § 546").[2]

5. In the Motion, GMAC argues that Pre–Amendment § 546 provides that the two-year statute of limitations for an avoidance action under §§ 544, 545, 547, 548 and 553 of the Bankruptcy code commences upon the filing of the bankruptcy petition in a Chapter 11 case. GMAC contends that a

---

1. Because the Debtors' bankruptcy cases were commenced prior to October 22, 1994, the version of 11 U.S.C. § 546 in effect on the Petition Date governs this action. Bankruptcy Reform Act of 1994, Pub.L. 103–394, § 702(a), 108 Stat. 4106, 4150–51 (1994).

2. Pre–Amendment § 546 does not apply to Counts III, V, and VI of the Complaint because those Counts are not based on causes of action under §§ 544, 547, 548 or 553 of Title 11.

trustee appointed subsequent to a debtor in possession is bound by such two-year time limit. GMAC chiefly relies on the four appellate court decisions which held that the two-year limitations period applies to a debtor in possession.[3]

6. In the Trustee's Response, the Trustee argues that the plain language of Pre–Amendment § 546(a) provides that an avoidance action under §§ 544, 545, 547, 548 or 553 of the Bankruptcy Code must be commenced within the earlier of two years after the appointment of a trustee or prior to the closure or dismissal of a Debtor's case.[4] The cases cited by the Trustee base their rulings on the fact that § 546(a) references the appointment of a trustee and does not mention any statute of limitations as to a debtor in possession. The Trustee, therefore, asserts that this Court should not count the period prior to the appointment of a trustee toward the two-year statute of limitations specified in § 546(a). Instead, the Trustee contends that the two-year time limit should only begin to run from the date of a trustee's appointment.

7. The Trustee also asserts that from a practical standpoint the statute of limitations provided for in § 546(a) should start over for a trustee because a debtor in possession does not have the same motivation as a trustee to pursue causes of action. The Trustee asserts that it is not practical to believe that a debtor in possession will pursue causes of action against the same creditors with whom the debtor in possession is negotiating a plan of reorganization. The Trustee also contends that a trustee needs a separate two-year statute of limitations to provide a trustee time to investigate causes of action.

■ 8. In interpreting § 546(a)(1), the Court "is guided by the fundamental canon that statutory interpretation begins with the language of the statute itself." *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990), citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). Courts must presume that the "legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). So long as the statutory scheme is coherent and consistent, there is no need for a court to inquire beyond the plain language of the statute. *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 240–241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The plain meaning of legislation is conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters. *Ron*

3. *See U.S. Brass & Copper, Co. v. Caplan (In re Century Brass Prod., Inc.)*, 22 F.3d 37, 39 (2nd Cir.1994); *Construction Management Serv. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.)*, 13 F.3d 81, 84 (3d Cir.1994); *Upgrade Corp. v. Gov't Tech. Serv., Inc. (In re Software Centre Int'l, Inc.)*, 994 F.2d 682, 683 (9th Cir.1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir.1990).

4. *See McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir.1994); *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993); *In re MortgageAmerica Corp.*, 831 F.2d 97 (5th Cir.1987). *Stoebner v. Vaughan*, 179 B.R. 600, 604 (D.Minn.1995); *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 762 (Bankr. D.Mass.1995); *Young v. Paramount Comm., Inc. (In re Wingspread Corp.)*, 178 B.R. 938, 944 (Bankr.S.D.N.Y.1995); *Styler v. Conoco, Inc. (In re Peterson Dist. Inc.)*, 176 B.R. 584, 590 (Bankr. D.Utah 1995); *Grabscheid v. Knox Metals Corp. (In re Luria Steel and Trading Corp.)*, 168 B.R. 913, 918 (Bankr.N.D.Ill.1994); *Eisen v. Harold*

*Freeman Co. (In re Royal Acquisition Corp.)*, 167 B.R. 456 458 (Bankr.N.D.Ohio 1994); *In re Denver/Robins Venture Partners, Ltd. v. Bank South*, 166 B.R. 769, 775. (Bankr.M.D.Ga.1994). *Reese v. First Tenn. Bank, N.A. (In re Brook Meade Health Care Center, Inc.)*, 165 B.R. 195, 196–97 (Bankr.M.D.Tenn.1994); *French v. F.A. Kohler*, 162 B.R. 474, 476 (Bankr.N.D.Ohio 1993); *Scroggins v. BP Exploration & Oil, Inc. (In re Brown Transp. Truckload, Inc.)*, 161 B.R. 735, 737–38 (Bankr.N.D.Ga.1993); *Daff v. Regal Recovery, Inc. (In re Continental Capital & Credit, Inc.)*, 158 B.R. 828, 829 (Bankr.C.D.Cal.1993); *Roberts v. Seneca Petroleum Co., Inc. (In re Wikel Mfg. Co., Inc.)*, 153 B.R. 183, 185 (Bankr. N.D.Ohio 1993); *Campbell v. Carroll Indus., Inc. (In re Carroll Indus., Inc.)*, 153 B.R. 100, 102 (Bankr.D.N.H.1993); *Coyne v. Westinghouse Credit Corp. (In re Globe Illumination Co.)*, 149 B.R. 614, 617 (Bankr.C.D.Cal.1993); *Knopfler v. Schraiber*, 141 B.R. 1008, 1011 (Bankr.N.D.Ill. 1992); *Mancuso v. Continental Bank Nat'l Ass'n Chicago (In re Topcor, Inc.)*, 132 B.R. 119, 124 (Bankr.N.D.Tex.1991); *Storey v. Cannon Group,*

*Pair,* 489 U.S. at 242, 109 S.Ct. at 1031, citing *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). Section 546(a) is not a "rare case" and its plain meaning controls.

9. In order to ascertain the plain meaning of § 546(b), the Court is also guided by other relevant provisions of the Bankruptcy Code. *Dill v. Dime Savings Bank, FSB (In re Dill),* 163 B.R. 221, 226 (Bankr.E.D.N.Y. 1994) (the Bankruptcy Code's provisions cannot be read in isolation, but must be interpreted in light of the remainder of the statutory scheme) *citing United Savings Assoc. v. Timbers Of Inwood Forest,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988); *See American Mutual Liability Insur. Co. v. Suzanne Smith et al.,* 766 F.2d 1513, 1517 (11th Cir.1985) (when interpreting a statute, the court will not look merely to a particular clause but will take in connection the whole statute or other statutes on the same subject, as well as objects and policy of the law) *citing Henry A Kokoszka v. Richard Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974); *Michael J. Sutton and John Wiley Mitchell v. United States of America,* 819 F.2d 1289, 1292 (5th Cir.1987) ("specific words within a statute may not be read in isolation of remainder of that section or the entire statutory scheme").

██ 10. In a chapter 11 case, the term "trustee" includes a debtor in possession. B.R. 9001(10). A debtor becomes a debtor in possession upon the filing of a bankruptcy petition. A debtor in possession stands in the shoes of a trustee and is obligated to perform the functions and duties of a trustee serving in conjunction with §§ 544, 547, 548, and 553.[5]

11. In addition, § 1107(a) states:
Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations, or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

Citing § 1107(a), numerous courts, including the Eleventh Circuit have also held that a Chapter 11 debtor in possession has the same rights and duties as a trustee. *Commodity Futures Trading Comm. v. Gary Weintraub,* 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985); *International Yacht and Tennis, Inc. v. Wasserman,* 922 F.2d 659, 661–663 (11th Cir.1991); *Vienna Park Prop. v. United Postal Savings Assoc., et al. (In re Vienna Park Prop.),* 976 F.2d 106, 110 (2d Cir.1992). It is important to note that § 1107(a) makes it clear that the debtor in possession's rights and duties are subject to the same limitations as those of a trustee. Thus, a debtor in possession has the right and duty to bring avoidance actions under §§ 544, 545, 547, 548, 549 and 553. These rights and duties are subject to the same limitations as a trustee including those provided for in §§ 546 and 550.

12. There is only one two-year limitations period in cases where two trustees are appointed in succession. *Larry S. Hyman, Chapter 7 Trustee v. Mobil Oil Corp., et al.,* 172 B.R. 356, 358 (Bankr.M.D.Fla.1994); *James M. Ford v. Union Bank, et al.,* 7 F.3d 1413, 1415–1416 (9th Cir.1993). Therefore, it follows that if a debtor in possession has the same rights and duties as a trustee, subject to the same limitations, there should be one two-year statute of limitations when there is a debtor in possession followed by the appointment of a trustee.

13. The purposes of statute of limitations are to bar the bringing of stale causes of actions, and to put opposing parties on notice when actions can no longer be instituted. These purposes are best served by there being only one two-year statute of limitations for a debtor in possession and a subsequently appointed trustee rather than an additional

*Inc. (In re Cook United, Inc.),* 117 B.R. 881, 883 (Bankr.N.D.Ohio 1990).

**5.** *In re Herman Cantor Corp. v. Cattle King Packing Co., Inc. (In re Herman Cantor Corp.),* 22 B.R. 604, 606 (Bankr.E.D.Va.1982); *Blehm Land and Cattle Co. v. James H. Wilkins, a/k/a Howard*

*Wilkins, et al. (In re Blehm Land and Cattle Co.),* 38 B.R. 648, 649–650 (Bankr.D.Colo.1984); *Keith T. Harstad d/b/a Harstad Cos., et al. v. First American Bank f/k/a Drovers First American Bank of So. St. Paul,* 39 F.3d 898, 901–902 (8th Cir. 1994).

two-year time limit. A ruling that the two-year limitations period could run anew upon the appointment of a trustee subsequent to a debtor in possession could lead to absurd results. For example, a debtor may be a debtor in possession for six years. Thereafter if a trustee is appointed, opposing parties could be subject to a new two-year statute of limitations. This could result in the opposing party not being certain when the statute of limitations runs since a trustee may be appointed at any time prior to confirmation of the plan. It could also result in a debtor in possession conspiring with parties in interest to allow the appointment of a trustee in order to revive the two-year statute of limitations. These results are clearly contrary to the purposes of the statute of limitations.

14. As to the conflicting motivations of debtors in possession, the creditors' interest are protected by the duties imposed upon a debtor in possession to take appropriate action for the benefit of the estate. Such interests are also protected by the creditors' ability to institute adversary proceedings on behalf of the estate upon appropriate motion and court order authorizing same if the debtor in possession refuses to bring such actions. 11 U.S.C. § 1103; *Unsecured Creditors Comm. of Debtor STN Enterprises, Inc. v. Janice Noyes (In re STN Enterprises, d/b/a Atwater Arms)*, 779 F.2d 901, 903–904 (2d Cir.1985); *In re Evergreen Valley Resort, Inc.*, 27 B.R. 75, 76 (Bankr.D.Me.1983); *In re First Capital Holdings Corp., et al.*, 146 B.R. 7, 10 (Bankr.C.D.Ca.1992).

15. The argument that a trustee should have a second two-year time limit because the trustee needs additional time to investigate causes of action is also without merit. The debtor has a duty to disclose potential causes of action in its schedules. In addition, Bankruptcy Rule 2004 creates a mechanism whereby the creditors may investigate potential avoidance claims if they are not satisfied with the debtor in possession's investigation.

16. The Court is cognizant that this ruling may have a harsh effect on avoidance actions brought by trustees. However, the Court cannot ignore the plain meaning of § 546(a) and its relation to other provisions of the Bankruptcy Code.

17. Therefore, the Court concludes that the plain meaning of § 546(a)(1), when considered with the plain meaning of § 1107(a), is that the two-year statute of limitations runs from the date of the filing of a petition under Chapter 11 of the bankruptcy code and that a new two-year statute of limitations does not begin to run upon the subsequent appointment of a trustee.

Based upon the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that:

1. GMAC's Motion for Summary Judgment is hereby granted as to Counts I, II, and IV of the Complaint.

2. GMAC's Motion for Summary Judgment as to Counts III, V and VI of the Complaint is denied.

**DONE AND ORDERED.**