In re **JOHNSTON IRRIGATION, INC.,** Debtor.

Patricia **DZIKOWSKI,** Trustee, Plaintiff,

v.

Ronald **JOHNSTON,** Juliana Johnston, Elizabeth T. Hanna, Bootle Bay Inn Limited, Inc., and Bootle Bay Holding Co., Inc., Defendants.

Bankruptcy No. 92–30544–BKC–SHF. Adv. No. 95–0536–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

May 9, 1996.

Robert Charbonneau, Fort Lauderdale, Florida, for Trustee, Plaintiff.

Leslie Scott Osborne, Furr and Cohen, P.A., Boca Raton, Florida, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court for hearing January 2, 1996, on the motion of the Defendants, Juliana Johnston and Elizabeth T. Hanna (the "Defendants"), for summary judgment. The Chapter 7 Trustee, Patricia Dzikowski (the "Trustee"), filed a complaint seeking to avoid and recover fraudulent transfers, turnover of property, avoid redemption of stock and restitution. The Defendants have filed a motion for summary judgment and assert that the filing of the complaint was barred by the statute of limitations imposed under Section 546(a)(1) of the Bankruptcy Code. Having considered the motion, the argument of counsel, the state of the case law, and for the reasons set forth below, the Court denies the Defendants' motion for summary judgment.

The Debtor, Johnston Irrigation, Inc. (the "Debtor"), filed a chapter 11 petition on February 21, 1992. Eventually, the case was converted to one under Chapter 7 on April 27, 1993. The Trustee filed this adversary proceeding on April 25, 1995. The sole issue raised by this motion for summary judgment is whether the statute of limitations began to run on the date the Debtor filed its petition, February 21, 1992, or on the date that the Trustee was appointed, April 27, 1993. To resolve this issue, the Court must look to the language of former Section 546(a)(1) which provided—

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The seemingly clear language of Section 546 has resulted in varying interpretations. Thankfully, Congress has resolved this issue by amending Section 546. Unfortunately, this case was filed before the amendment.

Six of the twelve Circuit Courts have considered whether the two year limitation period applies to a Chapter 11 debtor in possession. None of them, however, considered whether the two year period would restart upon the appointment of a chapter 11 trustee or the conversion of the case to a chapter 7. The Second, Third, Ninth and Tenth Circuits examined the relationship between Section 1107 and 546 and determined that a debtor-in-possession, having the same powers and limitations of a trustee, must commence an action within two years from the date on which the bankruptcy petition was filed to seek relief under the sections of the Code to which Section 546 applies.[1] The Tenth Circuit noted that it "d[id] not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee." *Zilkha Energy Co.*, 920 F.2d at 1524. In more recent opinions, the Fourth and Seventh Circuits, taking a contrary view, have looked to the plain language of Section 546 to conclude that a debtor-in-possession is not the equivalent of a trustee for purposes of Section 546(a)(1). Thus, according to the interpretations of the Fourth and Seventh Circuits, the two year statute of limitations does not begin until a trustee has been appointed.[2]

Interestingly, the decisions of the Second, Third, Ninth and Tenth Circuits have done nothing to resolve the issue of whether the two year limitation restarts upon the appointment of a trustee in either chapter 11 or chapter 7. In fact, there remains a split of case law regarding this issue. Some courts have determined that only one statute of

---

**1.** *See, In re Century Brass Products, Inc.*, 22 F.3d 37 (2nd Cir.1994); *In re Coastal Group, Inc.*, 13 F.3d 81 (3rd Cir.1994); *In re Softwaire Centre Int'l Inc.*, 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir. 1990). Three of the four Circuits expressly denied ruling on whether the limitation period

would be renewed upon the appointment of a trustee.

**2.** *In re Maxway Corp.*, 27 F.3d 980 (4th Cir. 1994); *Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar*, 69 F.3d 799 (7th. Cir.1995).

limitations exists.[3] According to these cases, the two year limitation runs from the date the case is filed. However, the majority of the courts have determined that two distinct limitation periods exist.[4] Each of these courts have decided that Section 546 limits the debtor-in-possession to two years from the filing of the petition and, upon the appointment of a trustee, a new two year limitation period begins. The courts that have used the latter interpretation of Section 546 have distinguished the findings by the Circuit Courts by concluding that the two year limit applies in those cases where a debtor-in-possession exists but does not apply to later appointed trustees. In effect, these courts have ignored the rationale of the decisions of the Circuit Courts and have interpreted Section 546 strictly to find that the limitation begins upon the *appointment* of a trustee. The Second, Third, Ninth and Tenth Circuit Courts have expressly found that the term "trustee" as used in Section 546(a) applies to debtors-in-possession. Therefore, the limitation must also apply to later appointed trustees unless Section 546 could be interpreted to mean that *all* later appointed trustees are entitled to a two year limitation period.

The Eleventh Circuit has not addressed the interpretation of Section 546 as it applies in this case. However, there are many decisions on this issue from the bankruptcy courts throughout the state. Again, there is a split in the case law. Judges Proctor and Paskay from the Middle District of Florida have entered opinions in agreement with the decisions from the Second, Third, Ninth and Tenth Circuits. *See, In re Knapp*, 146 B.R. 294 (Bankr.M.D.Fla.1992); *In re Bulman Construction Co.*, 172 B.R. 356 (Bankr. M.D.Fla.1994). Judge Hyman from the Southern District in a recent opinion also agrees with those Circuit Court decisions. *See, In re TUSA Florida, Inc.*, 186 B.R. 542

(Bankr.S.D.Fla.1995). However, Judge Baynes from the Middle District has explicitly interpreted Section 546 to provide that where there is a debtor-in-possession that entity has until the close of the case to bring an action. *See, Matter of Freedom Ford, Inc.*, 140 B.R. 585 (Bankr.M.D.Fla.1992). Although Judge Cristol, in *In re Kendall Meat Imports, Inc.*, 176 B.R. 80 (Bankr.S.D.Fla. 1994), did not consider the issue of whether the statute of limitations began to run upon the filing of the Chapter 11 case, he did find that in a Chapter 7 case, the statute did not begin to run until the date of the appointment of a permanent Chapter 7 Trustee pursuant to Section 702. Judge Cristol's opinion can be interpreted to hold that the statute commences upon the appointment of a trustee, and not upon the filing of the case, under either Chapter 7 or 11.

Although this Court agrees with the rationale that a debtor-in-possession has the same duties, powers and limitations of a trustee, the Court reads Section 546(a) to distinguish between the powers of a trustee and/or a debtor in possession and the limitation period imposed upon an *appointed trustee*. Nowhere else in the Bankruptcy Code does Congress delineate between a trustee and "the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title." If Congress had intended for the time period to run from the beginning of the case, it could have easily, and more clearly, stated that the two year period starts upon the entry of an order for relief. As noted in *Tusa*, "[t]he plain meaning of legislation is conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *Tusa*, 186 B.R. at 544. This Court has the same concerns as other courts that an interpretation of Section 546 that a trustee can bring an action pursu-

**3.** *In re Harry Levin, Inc.*, 175 B.R. 560 (Bankr. E.D.Pa.1994); *In re Austin Truck Rental, Inc.*, 183 B.R. 398 (E.D.Pa.1995); *In re EPI Products USA, Inc.*, 162 B.R. 1 (Bankr.C.D.Cal.1993);

**4.** *In re Ted A. Petras Furs, Inc.*, 172 B.R. 170 (Bankr.E.D.N.Y.1994); *In re Wingspread Corp.*, 178 B.R. 938 (Bankr.S.D.N.Y.1995); *In re Nelson Co.*, 167 B.R. 1018 (Bankr.E.D.Pa.1994); *In re Austin Truck Rental, Inc.*, 177 B.R. 827 (Bankr.

E.D.Pa.1995); *In re Arthur F. Hazen & Co.*, 184 B.R. 233 (Bankr.W.D.Pa.1995); *In re Continental Capital & Credit, Inc.*, 158 B.R. 828 (Bankr. C.D.Cal.1993); *In re Ridge II*, 158 B.R. 1016 (Bankr.C.D.Cal.1993); *In re D–Mart Services, Inc.*, 138 B.R. 985 (Bankr.D.Utah 1992); *In re M & L Business Machine Co.*, 171 B.R. 383 (D.Colo. 1994); *In re Peterson Distributing, Inc.*, 176 B.R. 584 (Bankr.D.Utah 1995).

ant to Section 546 within two years after appointment could sanction the filing of an action many years after the filing of a debtor-in-possession's chapter 11 petition, if a debtor-in-possession continued to operate and did not bring such an action. However, unlike Judge Hyman's conclusion, this Court does not consider that interpretation to be an absurd result requiring the Court to disregard the literal application of the statute. Therefore, the Court determines that the two year limitation period begins upon the actual appointment of a trustee, and not upon the commencement of the case. Accordingly, it is

ORDERED that the Defendants' motion for summary judgment is denied.